UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIAN SHENDA INVESTMENT MANAGEMENT CO., LTD.,<br><br>    Petitioner,<br><br>v.<br><br>YU YUNXIN et al.,<br><br>    Respondents. | Case No. 2:23-cv-05888-SB-BFM<br><br>ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION |

    Following a dispute over a Chinese commercial real estate transaction, Petitioner Fujian Shenda Investment Management Co., Ltd., a Chinese company, obtained a Chinese arbitration award against Yu Yunxin, a Chinese individual currently residing in China.  Fujian seeks to confirm the award in the Central District of California.  Because Fujian has not yet established that this Court has personal jurisdiction over Yu, Fujian is ordered to show cause why this case should not be dismissed for lack of personal jurisdiction.[1]

    Fujian seeks to confirm the award here because Yu owned (and recently sold) a home worth several million dollars in Arcadia, California (the Arcadia property).  Those funds are currently held in escrow in this district.  In response to the Court's requests for supplemental briefing, Fujian conceded that the court lacks general jurisdiction over Yu but argued that the court has specific jurisdiction for

---

[1] According to the petition, Yu failed to appear at the arbitration hearings that resulted in the award at issue in this action.  Fujian anticipates Yu's potential default in this action.  Because the entry of default judgment requires a showing of personal jurisdiction, Fujian agrees that analyzing personal jurisdiction at the outset of this case is in the interest of judicial economy.

1

two reasons: first, Yu has sufficient minimum contacts with the forum; and second, a Ninth Circuit decision allows them to bring the case in any forum appropriate under the general venue statute, independent of the minimum contacts analysis. Dkt. No. 25 at 8 (supplemental brief on personal jurisdiction); *see also* Dkt. No. 21 at 4–5 (initial brief on jurisdiction).

Fujian's second argument appears to be based on a misreading of *Jones Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131 (9th Cir. 2022). That case addressed venue rather than personal jurisdiction.[2] At the hearing, Fujian acknowledged the distinction between venue and personal jurisdiction and stated that it did not contend the Federal Arbitration Act granted nationwide personal jurisdiction.

The Court's personal jurisdiction over Yu ultimately depends on whether he has sufficient minimum contacts with California. In support of its position, Fujian relies on Yu's ownership, sale and proceeds of the Arcadia property. Dkt. No. 25 at 8–9; Dkt. No. 21 at 5. These contacts, as Fujian concedes, are unrelated to the underlying arbitration or the underlying commercial real estate dispute. They instead relate to the intended objective of this lawsuit—namely, to obtain a judgment and seek enforcement of the award by pursuing the proceeds from the sale of the Arcadia property. Thus, the jurisdictional question appears to turn on whether it is appropriate to consider the objective of this lawsuit when analyzing the second prong of the specific-jurisdiction test (i.e., "the claim must be one which arises out of or relates to the defendant's forum-related activities"). *Davis v.*

---

[2] In that case, Jones Day arbitrated a dispute with one of its former partners in D.C. The arbitrator issued a subpoena to San Francisco-based Orrick, who was not a party to the arbitration. *Id*. at 1134. Jones Day sought to enforce the subpoena in the Superior Court of the District of Columbia, which held that it lacked personal jurisdiction over Orrick. *Id*. Jones Day then sought enforcement in the Northern District of California, which had personal jurisdiction but held that it lacked venue. *Id*. That forced Jones Day to choose between one forum with personal jurisdiction but no venue and another with venue but no personal jurisdiction. *Id*. On appeal, the Ninth Circuit held that venue was proper in the Northern District under the general venue statute, allowing Jones Day to proceed in a Court that already had personal jurisdiction. *Id*. at 1142. *Jones Day* therefore does not affect the personal jurisdiction analysis.

*Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (cleaned up). Fujian contends that the Court may.

      The Court ORDERS Fujian to show cause, at a hearing on November 17, 2023, at 8:30 a.m. in Courtroom 6C, why this action should not be dismissed for lack of personal jurisdiction.  Fujian must file a written response by November 3, 2023, providing authority for its position that the Court may consider the objective of this lawsuit when analyzing specific jurisdiction.

IT IS SO ORDERED.

Date: October 23, 2023

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge